UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THEODIS HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV162 SNLJ |
| | ) | |
| DEWAYNE KEMPKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's motion to amend his complaint by interlineation. Plaintiff states in his motion that he wishes to sue defendants Dewayne Kempker, Ian Wallace, and Paula Reed, in both their individual and official capacities. For the reasons stated below, the Court will dismiss plaintiff's allegations against defendants in their official capacities and request that the Clerk of Court issue service against defendants on plaintiff's claims as to defendants in their individual capacities.

**Procedural and Factual Background**

Plaintiff, Theodis Hill, an inmate at Southeast Correctional Center ("SECC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Dewayne Kempker, Ian Wallace and Paula Reed.

Plaintiff claims that more than a year ago, during his present incarceration at SECC, he was placed in solitary, or "single-cell Ad-Seg", confinement, after being found guilty of a verbal threat to another inmate. Plaintiff has submitted evidence attached to his complaint that he has grieved his single-cell assignment to all three defendants, but that he has not been released from such confinement. Plaintiff has also submitted evidence that his "single-cell Ad-Seg" confinement has been extended for another 12-month time period.

In his complaint, plaintiff appears to be alleging that he has been denied the proper meaningful review process by defendants, and he also claims that he has been subjected to "retaliation" in the assignment process because of his race and because of defendants' dislike of him personally. Plaintiff also alleges that he has been subjected to cruel and unusual punishment by continuing to expose him to solitary confinement for the past year, along with the removal of his canteen, phone and property privileges.

Because plaintiff failed to allege the capacity under which he was suing defendants in this action, the Court required plaintiff to amend his complaint, by interlineation. Plaintiff filed an amendment indicating he was asserting claims against defendants in both their individual and official capacities. In his complaint, plaintiff seeks an order directing defendants to release him from solitary confinement, as well as compensatory and punitive damages against each defendant.

## Discussion

Defendants are employees of the Missouri Department of Corrections. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, plaintiff's claims against defendants in their official capacity fail to state a claim upon which relief may be granted and are subject to dismissal.

Plaintiff's claims against defendants in their individual capacities, however, survive review under 28 U.S.C. § 1915, as plaintiff's allegations in his complaint are enough to state a due process claim under the Eighth Amendment, *see Williams v. Norris*, 277 Fed. Appx. 647, 648-49 (8th Cir. 2008 ) (noting that an extended duration in administrative segregation could implicate an inmate's liberty interest in due process); *see also Davis v. Ayala*, 135 S.Ct. 2187

(2015) (concurrence by Justice Kennedy noting that confinement in a prison or in an isolation cell is a form of punishment subject to scrutiny under the Eighth Amendment); *Wilkinson v. Austin*, 545 U.S. 209, 223-24, 229 (2005) citing *Hewitt v. Helms*, 459 U.S. 460, 473-76 (1983).

The Court also believes that plaintiff has stated a claim for lack of meaningful review under the due process clause of the Eighth Amendment, as well as for cruel and unusual punishment. *See Kelly v. Brewer*, 525 F.2d 394-400 (8th Cir. 1975) (where inmate is held in administrative segregation for prolonged or indefinite period, due process requires that his situation be reviewed periodically in a meaningful way; administrative segregation is not punitive, it looks to present and future rather than to past, and it involves exercise of administrative judgment and prediction of what inmate will probably do or have done to him if he is permitted to return to population after a period of segregation; reason for segregation must not only be valid at outset but must continue to subsist during period of segregation).

As such, the Court will order the Clerk to issue process on plaintiff's Eighth Amendment claims, pursuant to the Court's waiver agreement with the Missouri Attorney General's Office.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to release account statement [Doc. #4] is **DENIED AS MOOT** as the initial partial filing fee has been paid.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the filing fee [Doc. #12] is **DENIED AS MOOT** as the initial partial filing fee has been paid.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on plaintiff's official capacities claims against defendants because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on plaintiff's individual capacity claims against defendants Dewayne Kempker, Ian

Wallace and Paula Reed in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that at the time defendants file their answer or responsive pleading in this matter, they shall file a response to plaintiff's motion for temporary restraining order [Doc. #3]

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 7th day of December, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE